# In the United States Court of Federal Claims

No. 16-1297C

(E-Filed: October 27, 2017)

| | |
|---|---|
| FRANK MARRS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) | Civilian Pay; Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (2012); Statute of Limitations, 29 U.S.C. § 255(a); Willful Violation Not Found. |

Heidi R. Burakiewicz, Washington, DC, for plaintiffs. Steven A. Skalet and Michael Lieder, Washington, DC, of counsel.

Joseph E. Ashman, Senior Trial Counsel, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Reginald T. Blades, Jr., Assistant Director, and Erin Murdock-Park, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

     This matter is before the court on plaintiffs' motion for partial summary judgment, ECF No. 19, and defendant's cross-motion for partial summary judgment, ECF No. 20, filed pursuant to Rule 56 of the Rules of the United States Court of Federal Claims (RCFC). Plaintiffs filed a reply brief, ECF No. 21. Defendant informed the court that the government did not intend to file a reply brief. See Jt. Status R., ECF No. 14, at 1. This matter is thus fully briefed and ripe for decision. For the reasons set forth below, the court denies plaintiffs' motion and grants defendant's motion.

I.     Background

      This is the companion case to Martin v. United States, Case No. 13-834C (Martin). These two cases were consolidated on November 2, 2016 for the determination of certain common issues of law. ECF No. 9. Consolidation of these cases ended on March 17, 2017. ECF No. 13. Familiarity with the three opinions issued in Martin, Case No. 13-834C, is presumed. See Martin v. United States, 117 Fed. Cl. 611 (2014) (Martin I) (denying in part and granting in part defendant's motion to dismiss); Martin v. United States, No. 13-834C, 2015 WL 12791601 (Fed. Cl. Oct. 15, 2015) (Martin II) (denying plaintiffs' request to apply equitable tolling to the relevant statute of limitations to permit as many as 18,300 additional plaintiffs to join that suit); Martin v. United States, 130 Fed. Cl. 578 (2017) (Martin III) (granting plaintiffs' motion for summary judgment as to liability). Only the facts pertinent to the parties' cross-motions are discussed here.

      Plaintiffs in these companion cases are current or former government employees who allege that they were not timely compensated for work performed during a shutdown of the federal government in October 2013, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. (2012). This court has found that the failure to pay these workers in a timely fashion was indeed a violation of the FLSA, and that liquidated damages provide the remedy for such a violation. See generally Martin III. This case presents one additional issue, whether the government's violation of the FLSA was willful under 29 U.S.C. § 255(a). A willful violation of the statute would extend the statute of limitations in section 255(a) from two years to three years. See id. This particular question was not litigated in Martin, but is of crucial relevance here.

      Whether the statute of limitations for plaintiffs' claims is three years, not two years, is the "single legal issue . . . dispositive of this case." Jt. Status R., ECF No. 12, at 1. As plaintiffs note, the complaint in this case "was filed more than two but less than three years after Plaintiffs' claims accrued." ECF No. 19-1, at 6-7. Thus, although the parties have styled their motions as motions for partial summary judgment, a ruling in the government's favor would entirely dispose of this case. Accordingly, the viability of plaintiffs' claims turns on the court's interpretation of "willful violation," 29 U.S.C. § 255(a), as that term is applied in this particular circumstance of the government's violation of the FLSA.

II.    Legal Standard for Finding a Willful Violation of the FLSA

      The statutory text states in relevant part:

> Any action . . . to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201 et seq.],

2

> (a) . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a <u>willful violation</u> may be commenced within three years after the cause of action accrued[.]

29 U.S.C. § 255 (emphasis added).  Some courts have interpreted the term "willful," and the test for willfulness, so broadly as to encompass all employers acting in violation of the FLSA who knew that the FLSA was "in the picture."  See, e.g., <u>Coleman v. Jiffy June Farms, Inc.</u>, 458 F.2d 1139, 1142 (5th Cir. 1971) ("Stated most simply, we think the test should be:  Did the employer know the FLSA was in the picture?").  This interpretive approach, referred to here as the <u>Jiffy June</u> test, was rejected by the United States Supreme Court as overly broad.

In the place of the <u>Jiffy June</u> test, the Supreme Court announced a more restrictive definition of willfulness to establish a three year statute of limitations for FLSA violations:  "The standard of willfulness [is] that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." <u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128, 133 (1988) (<u>Richland Shoe</u>) (citing <u>Trans World Airlines, Inc. v. Thurston</u>, 469 U.S. 111 (1985)).  Under the <u>Richland Shoe</u> standard, even an unreasonable action in contravention of the FLSA is not enough to establish willfulness:

> If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful . . . .  If an employer acts unreasonably, but not recklessly, in determining its legal obligation, . . . it should not be . . . considered [willful] under <u>Thurston</u> or the identical standard we approve today.

<u>Id.</u> at 135 n.13; <u>see, e.g.</u>, <u>Bull v. United States</u>, 479 F.3d 1365, 1379 (Fed. Cir. 2007) (same).

The <u>Richland Shoe</u> Court specifically rejected another proposed standard for willfulness, which it described as an "intermediate standard."  486 U.S. at 131.  Under the intermediate standard, a finding of willfulness would be proper "'if the employer, recognizing it might be covered by the FLSA, acted without a reasonable basis for believing that it was complying with the statute.'"  <u>Id.</u> at 134.  While the court reserves further discussion of the willfulness standard, a standard hotly debated by the parties, for the analysis section of this opinion, the court does observe that the burden is on plaintiffs to establish willfulness.  See <u>Bull</u>, 479 F.3d at 1379; <u>Adams v. United States</u>, 350 F.3d 1216, 1229 (Fed. Cir. 2003) ("Unlike good faith, the employee bears the burden of proving the willfulness of the employer's FLSA violations.") (citation omitted).

3

III.  Standard of Review on Summary Judgment

"[S]ummary judgment is a salutary method of disposition designed to secure the just, speedy and inexpensive determination of every action." Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1562 (Fed. Cir. 1987) (internal quotations and citations omitted). The party moving for summary judgment will prevail "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a). A genuine dispute of material fact is one that could "affect the outcome" of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A]ll evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable factual inferences should be drawn in favor of the nonmoving party." Dairyland Power Coop. v. United States, 16 F.3d 1197, 1202 (Fed. Cir. 1994) (citations omitted). "With respect to cross-motions for summary judgment, each motion is evaluated on its own merits and reasonable inferences are resolved against the party whose motion is being considered." Marriott Int'l Resorts, L.P. v. United States, 586 F.3d 962, 968-69 (Fed. Cir. 2009) (citation omitted).

A summary judgment motion is properly granted against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case and for which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). A nonmovant will not defeat a motion for summary judgment "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249 (citation omitted). "A nonmoving party's failure of proof concerning the existence of an element essential to its case on which the nonmoving party will bear the burden of proof at trial necessarily renders all other facts immaterial and entitles the moving party to summary judgment as a matter of law." Dairyland, 16 F.3d at 1202 (citing Celotex, 477 U.S. at 323).

IV.  Analysis

Defendant in its cross-motion and plaintiffs in their reply brief cite to Richland Shoe as support for their positions on the "willful violation" issue. ECF No. 20, at 13; ECF No. 21, at 3-4. Not only is Richland Shoe binding precedent, it provides the best tool for understanding the concept of willfulness, as that concept is employed in section 255(a).[1] In that case, the Supreme Court noted, first, that the statute of limitations for the FLSA is two-tiered. Richland Shoe, 486 U.S. at 132. Plaintiffs are allowed two years to lodge claims for "nonwillful" violations, and three years to file claims for "willful"

---

[1]  To the extent that plaintiffs' reply brief could be read to urge the court to conduct a de novo construction of section 255(a), see ECF No. 21, at 8, this court is bound by Richland Shoe and cannot stray from the statutory interpretation of section 255(a) presented therein. E.g., Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005).

4

violations.  Id. at 133.  There must, therefore, be a "significant distinction" separating willful violations from violations that are not willful.  Id. at 132.

The Supreme Court then specifically clarified its earlier decision in Thurston which could have been misread to accept the "unreasonableness" of agency action as sufficient proof of willfulness.  See Richland Shoe, 486 U.S. at 135 n.13 (citing Thurston, 469 U.S. at 126).  The Supreme Court explained that, on the spectrum of agency behavior ranging from unreasonable to reckless, anything short of recklessness in an agency's determination of its legal obligations under the FLSA is not a "willful violation" under section 255(a).  See id. ("If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then, although its action would be considered willful under petitioner's [intermediate standard], it should not be so considered under Thurston or the identical standard we approve today.").

Although decisions have issued from this court reflecting different takes on the Richland Shoe test for willfulness, none of the formulations cited by the parties has binding effect in this case.  Hewing closely to the Supreme Court's articulation, the court requires -- as the test for plaintiffs to prevail here on the "willful violation" issue -- that plaintiffs show that the government agencies violating the FLSA during the October 2013 shutdown acted recklessly, i.e., more than unreasonably, when determining their liabilities under the FLSA.  See Abbey v. United States, 106 Fed. Cl. 254, 283 (2012) (finding that a "negligent and unreasonable" determination of obligations under the FLSA by a federal agency did not "rise[] to the level of willfulness as defined by the Supreme Court in [Richland Shoe]").

As a threshold matter, the court notes that in Martin III the principal legal issue decided by the undersigned was whether the government's "act or omission giving rise to [the plaintiffs' FLSA claim for liquidated damages] was in good faith."  29 U.S.C. § 260.  The court did not find the government's acts and omissions during the October 2013 shutdown regarding its FLSA obligations to be in good faith.  Martin III, 130 Fed. Cl. at 586.  That determination, however, was not informed by the applicable legal test for resolving the willfulness issue currently pending before the court, even though the factual underpinnings for the two legal issues do overlap.[2]  The court now turns to the undisputed evidence in the record.

---

[2]    Plaintiffs err when they contend that the two legal questions are the same.  See ECF No. 19-1, at 22-23 ("The Court's ruling [on the issue of good faith in Martin III] also controls the issue of whether the Government violated the FLSA willfully within the meaning of 29 U.S.C. § 255(a).").

5

## A. Undisputed Evidence Regarding the FLSA Violations

Plaintiffs rely on the joint stipulations of fact acknowledged and filed by the parties in Martin. See ECF No. 19, at 1 (citing Case No. 13-834C, ECF No. 151). The government relies on the same stipulations of fact. See ECF No. 20, at 7-8. Plaintiffs assert that a willful violation of the FLSA occurred because

> the Government admittedly did not prior to or during the 2013 Government shutdown (a) consider whether requiring employees to work without paying them minimum or overtime wages on their regularly scheduled paydays for that work would violate the FLSA, or (b) seek a formal legal opinion regarding how to meet its obligations under both the Anti-Deficiency Act[3] and FLSA.

ECF No. 19-1, at 5.

The first relevant joint stipulation of fact not in dispute cited by plaintiffs is as follows:

> Based upon the information received from relevant personnel and review of the relevant documents, the agencies that advise the Federal Government on the implementation of labor law and policy did not prior to or during the 2013 Government shutdown consider whether requiring employees designated as "non-exempt" under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and as "excepted" for purposes of the shutdown to work during the shutdown without paying them minimum or overtime wages on their regularly scheduled paydays for work performed during the first week of the shutdown would violate the FLSA. Based upon the information described above, defendant is not aware of any other agency that considered the issue prior to or during the 2013 Government shutdown.

Case No. 13-834C, ECF No. 151 ¶ 3. The second relevant joint stipulation of fact not in dispute cited by plaintiffs is as follows:

> The Government did not seek a formal legal opinion regarding how to meet its obligations under both the Anti-[D]eficiency Act and FLSA as to employees designated as "non-exempt" under the FLSA and as "excepted" for purposes of the shutdown who were required to work during the shutdown.

---

[3] The Anti-Deficiency Act ("ADA") prohibits the government from spending money when specific appropriations authorizing those expenditures are not in place. See 31 U.S.C. § 1341(a)(1)(A) (2012).

6

Id. ¶ 4.  Based on these two undisputed facts, plaintiffs assert that they have established a willful violation of the FLSA.  See ECF No. 19-1, at 24-25.

The government argues, however, that these facts do not rise to the level of a willful FLSA violation.  ECF No. 20, at 14-17.  A third joint stipulation of fact not in dispute is cited by the government in support of its position in this suit:

> The Government understood that during a lapse in appropriations the Anti-Deficiency Act, 31 U.S.C. § 1341(a), prohibited payment of wages for work performed during the 2013 Government shutdown until funds had been appropriated.

Case No. 13-834C, ECF No. 151 ¶ 2.  The court agrees with the parties that there are no material disputes of fact in this case, because all of the relevant facts are undisputed.  The court next summarizes the caselaw discussed in the parties' briefs.

### B. Guidance from Caselaw Interpreting Richland Shoe

The parties cite a number of decisions that were issued by this court and which involve an examination of willfulness in the context of FLSA violations, but which do not involve a federal government shutdown.  The court therefore finds the parties' interpretations of the holdings of those cases to be of limited assistance.  The court also finds decisions of the United States Court of Appeals for the Federal Circuit to be similarly unhelpful here in refining the willfulness inquiry.

The discussion of willfulness in Bull, for example, is brief and is anchored in factual circumstances that are not analogous to the government shutdown that underlies this case:

> In finding that Customs had in fact acted willfully, the court below relied upon extensive testimony to establish that Customs knew the plaintiffs were working off duty without compensation, as well as an internal memo predicting that such work "could open Customs management to compensation issues because the [officers] are using their off duty time to meet Customs requirements."  The court also found that the [agency official's] memorandum (directing that previously off-duty work was to be performed during working hours) was "an admission by defendant that it knew it had been engaging in activity in possible violation of the FLSA."  This evidence is plainly sufficient to support a finding of willfulness.

Bull, 479 F.3d at 1379 (internal citations omitted).  Given that the standard of review in Bull was the "clear error" standard, id. (citing Adams, 350 F.3d at 1229), and given that its discussion of willfulness does not provide any clarification of the term "willful

7

violation," and given the difference in the factual backgrounds of this case and Bull, the holding in Bull does not aid the court in its resolution of the dispositive issue in this case.

Also of no assistance to the court here is the Federal Circuit's decision in Cook v. United States, 855 F.2d 848 (Fed. Cir. 1988), cited correctly by plaintiffs as a case distinguishable on its facts. Cook announces a per se rule that a federal agency which follows the advice of the United States Department of Labor as to the FLSA cannot have committed a willful FLSA violation. See id. at 850 (stating that when "a federal agency . . . has in good faith accepted and followed the advice of the Secretary of Labor . . . [,] any mistake in responding to the demands of the FLSA is not willful"). But, no advice of the Secretary of Labor regarding FLSA obligations during the federal shutdown is part of the factual record of this case.[4]

      C.      Willfulness Not Found on These Facts

The court is faced, then, with an issue of first impression, guided primarily by Richland Shoe.[5] If the government understood that it could not obey the ADA and timely pay its excepted employees, was that a willful violation of the FLSA under section 255(a)? The court concludes that it was not for the reasons set forth below.

The court finds that the FLSA violation for these plaintiffs, which may have been caused by an unreasonable interpretation of the FLSA by federal agencies, see Martin III, 130 Fed. Cl. at 586, does not rise to the level of a willful violation. Although the government's pay actions during the shutdown did not evince good faith under the FLSA, see id., none of the undisputed evidence before the court, notwithstanding all favorable inferences accorded to plaintiffs, establishes that the federal government exhibited reckless disregard for the FLSA when it complied with the ADA and violated the FLSA.

      1.      Richland Shoe

As the court examines the facts underlying this suit to determine whether the federal government exhibited a reckless disregard for FLSA requirements during the

---

[4]    Nor are the pay practices of the Department of Labor for its own employees during the shutdown part of the record in this case.

[5]    Plaintiffs rely on Salazar v. Ramah Navajo Chapter, 567 U.S. 182, 197 (2012), and the Supreme Court's discussion therein of the government's contract obligations notwithstanding the ADA, as support for their position on the willfulness of the government's FLSA violation here. ECF No. 19-1, at 25-26; ECF 21, at 15 n.1. The court does not interpret the holding in Salazar as containing guidance for drawing a distinction between nonwillful and willful FLSA violations, which is the issue before the court.

2013 shutdown, the Supreme Court's decision in Richland Shoe offers a few guideposts, in addition to the conceptual framework for willfulness described earlier in this opinion.[6] First, although not adopted with any precision, common synonyms of "willful" -- "voluntary," "deliberate" and "intentional" -- were cited approvingly by the Court. Richland Shoe, 486 U.S. at 133. During the shutdown, bowing to the imperatives of the ADA, agencies did not pay excepted employees and did not inquire into their FLSA obligations. In the court's view, the agencies' compliance with the ADA and nonpayment of owed wages was more in the nature of involuntary and unintentional violations of the FLSA, rather than willful conduct. See id.

Similarly, the Richland Shoe Court distinguished "merely negligent" conduct from willful violations of the FLSA. Id. As this court has found, there was no good faith inquiry into FLSA obligations by federal agencies before or during the 2013 shutdown. Martin III, 130 Fed. Cl. at 586. The court does not, however, view the agencies' focus on the ADA and not on the FLSA as going beyond "merely negligent" conduct and rising to the level of reckless disregard of the FLSA and its pay requirements.

Finally, the Richland Shoe Court clearly disfavored a test for willfulness that turned on the employer's request for legal advice before, or during, its violation of the FLSA. 486 U.S. at 134-35. Although plaintiffs rely to a great extent on the agencies' failure to seek legal advice as to their FLSA obligations before or during the 2013 shutdown, ECF No. 19-1, at 25-26, that circumstance alone does not, according to Richland Shoe, determine willfulness. 486 U.S. at 134-35. Plaintiffs' burden to show willfulness is not met simply by pointing out that the agencies did not obtain legal opinions regarding their FLSA obligations before violating the FLSA during the 2013 shutdown.

        2.        Adequate Inquiry in These Circumstances

The parties agree that 5 C.F.R. § 551.104 (2013) is the regulation that applies to the FLSA violations at issue in this suit. Section 551.104 provides two relevant definitions. First, a willful FLSA violation "means a violation in circumstances where the agency knew that its conduct was prohibited by the [FLSA] or showed reckless disregard of the requirements of the [FLSA]. All of the facts and circumstances surrounding the violation are taken into account in determining whether a violation was willful." Id. Second, reckless disregard of the requirements of the FLSA "means failure to make adequate inquiry into whether conduct is in compliance with the [FLSA]." Id.

---

[6]     Plaintiffs do not argue that the federal government "knew" of its FLSA violations during the 2013 shutdown. Thus, only the "reckless disregard" prong of the willfulness inquiry is at issue in the parties' cross-motions for summary judgment.

As this court has explained, when Richland Shoe and section 551.104 are read together, an agency's failure to make adequate inquiry into its FLSA obligations "must be more than a merely negligent or unreasonable failure" for that failure to constitute a willful violation of the FLSA.  See Abbey, 106 Fed. Cl. at 282 (citations omitted).  Indeed, the adequacy of an agency's inquiry into its FLSA obligations is measured not in terms of mere negligence or unreasonableness, but in the sense of reckless disregard of the FLSA that meets the definition of willfulness established by Richland Shoe.  See Angelo v. United States, 57 Fed. Cl. 100, 109 (2003) (noting that section 551.104 is secondary to Richland Shoe for purposes of the willfulness inquiry (citing Bankers Trust N.Y. Corp. v. United States, 225 F.3d 1368, 1375 (Fed. Cir. 2000))).  In other words, the court must reject any attempt by plaintiffs to circumvent Richland Shoe by relying on an "adequate inquiry" test that cleaves more to the Jiffy June test, described supra, or the intermediate test, described supra, both of which were rejected in Richland Shoe.  Instead, plaintiffs remain bound by Richland Shoe and cannot rely on section 551.104 to alter the Supreme Court's precedential test for willfulness.

Here, the undisputed facts show that the federal government, as a whole, understood that it could not pay excepted employees during the 2013 shutdown due to the constraints of the ADA.  Case No. 13-834C, ECF No. 151 ¶ 2.  The court must take these circumstances into account.  See 5 C.F.R. § 551.104.  Complying with the ADA and not paying excepted employees during the shutdown does not, in the court's view, mean that these federal agencies showed a reckless disregard of the FLSA.  Instead, the agencies' conduct, in the context of the 2013 government shutdown governed by both the ADA and the FLSA, did not exceed a level of merely negligent or unreasonable conduct vis-à-vis the FLSA.

Although there is no case directly on point, this court has found, on at least one occasion, that a federal agency did not recklessly disregard the FLSA when it attempted to comply with a particular federal statute and, as a result, neglected its obligations under the FLSA.  In Abbey, the Federal Aviation Administration (FAA) was directed to comply with a personnel management overhaul set forth in a new statute.  106 Fed. Cl. at 259.  Facing a short transition deadline, the FAA decided to maintain certain pay practices which violated FLSA requirements because the agency did not understand the full implications of the statute requiring the personnel management overhaul.  Id. at 281-83.  Thus, although the background facts in Abbey and this case are dissimilar, the decision in Abbey shows that federal agencies may blunder in their interpretation of a federal statute that implicates their responsibilities under the FLSA, without committing a willful violation of the FLSA.[7]  As was the case in Abbey, the FLSA violation affecting these plaintiffs during the 2013 government shutdown was nonwillful, not willful.

---

[7] This court has also reasoned that where there was some doubt about whether the FLSA or a displacing statute applied instead, no willful violation of the relevant pay

10

V.	Conclusion

Having considered the undisputed facts and all of the parties' arguments, the court concludes that plaintiffs have failed to meet their burden to show a willful violation of the FLSA. Plaintiffs' motion for partial summary judgment, ECF No. 19, is **DENIED**, and defendant's motion for partial summary judgment, ECF No. 20, is **GRANTED**. Because the two-year statute of limitations in 29 U.S.C. § 255(a) applies to plaintiffs' claims, and because this suit was filed more than two years after plaintiffs' claims accrued, plaintiffs' claims are barred by the statute of limitations and must be dismissed for lack of subject matter jurisdiction. The clerk's office is directed to **ENTER** judgment for defendant, **DISMISSING** this case without prejudice. No costs.

IT IS SO ORDERED.

 s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Judge

---

statute could be found. Blair v. United States, 15 Cl. Ct. 763, 767 n.6 (1988) (citing generally Cook, 855 F.2 at 848).